DONALD REID HANKINS v. ROBERT VANCE SOMERS, JOHN HANN, MAR-
THA GREENWAY, AND YOUTH OPPORTUNITIES UNLIMITED

No. 7819SC181

(Filed 6 February 1979)

1. **Appeal and Error § 6.6 — denial of motion to dismiss not appealable**

    Denial of a motion to dismiss for failure to state a claim upon which relief
    can be granted is not a final determination within the meaning of G.S. 1-277(a),
    does not affect a substantial right, and is not appealable.

2. **Rules of Civil Procedure § 52 — motion to dismiss denied — no findings absent
    request**

    In the absence of a request, the trial court was not required to make find-
    ings of fact in support of its denial of defendants' motion to dismiss for lack of
    jurisdiction.

3. **Rules of Civil Procedure § 11 — pleading not verified — no lack of credibility im-
    plied**

    Since G.S. 1A-1, Rule 11(a) provides that generally pleadings need not be
    verified, no lack of credibility is implied by absence of a verification.

4. **Rules of Civil Procedure § 12 — motion to dismiss — reliance on material ad-
    missible at trial**

    In ruling on a motion to dismiss for lack of personal jurisdiction, the trial
    judge should rely only on material that would be admissible at trial.

5. **Constitutional Law § 24.7; Process § 9.1 — nonresident individuals and part-
    nership — contacts with N. C. — personal jurisdiction**

    Where plaintiff's complaint alleged that the nonresident individual defend-
    ants and defendant partnership entered into a conspiracy to copy and market
    plaintiff's national marketing program for the sale of highway emergency kits
    by high school and college students, allegations based upon plaintiff's personal
    knowledge and belief were insufficient as a basis for an exercise of jurisdiction
    over the out of state defendant partnership, and the placing of advertisements
    in national magazines by the partnership, without more, was not sufficient con-
    tact with this State to permit an exercise of personal jurisdiction over the
    partnership; however, by conducting a wire art business in N. C., though
    unrelated to the business activities which plaintiff sought to prohibit, the in-
    dividual defendants had sufficient contacts with the State to permit the exer-
    cise of personal jurisdiction over them.

APPEAL by defendants from *Collier, Judge.* Order signed 9
December 1977 in Superior Court, ROWAN County. Heard in the
Court of Appeals 28 November 1978.

Plaintiff's complaint alleges that he is the developer of a uni-
que national marketing program for the sale of highway emergen-

cy kits by high school and college students, which he operates
through a business called American Youth Enterprises (AYE). It
is alleged that defendant Somers is his attorney, and that plaintiff
has revealed to Somers in the course of the attorney-client rela-
tionship confidential information about the marketing program.
Plaintiff alleges that since November 1976 Somers has joined with
the other defendants in a partnership to operate a business called
Youth Opportunities Unlimited (YOU) for the purpose of copying
and passing off as their own his marketing program.

Defendant Somers moved to dismiss each claim for relief on
the ground that it stated no claim upon which relief could be
granted. The other defendants, all residents of Georgia, moved to
dismiss for lack of personal jurisdiction. Both motions to dismiss
were denied, and defendants appeal.

*Brinkley, Walser, McGirt & Miller, by Walter F. Brinkley,
for defendant appellant Somers.*

*Kenneth L. Eagle for defendant appellants Hann, Greenway
and YOU.*

*No counsel for plaintiff appellee.*

ARNOLD, Judge.

[1]   Denial of a motion to dismiss for failure to state a claim upon
which relief can be granted is not a final determination within the
meaning of G.S. 1-277(a), does not affect a substantial right, and is
not appealable. *North Carolina Consumers Power, Inc. v. Duke
Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974), and cases cited
therein. Appeal by defendant Somers is therefore premature and
must be dismissed.

The other defendants, however, are entitled by G.S. 1-277(b)
to an immediate appeal of the denial of their motion to dismiss for
lack of jurisdiction.

Plaintiff alleges that defendants Hann and Greenway are
residents of Georgia and that defendant YOU is a general part-
nership having its principal office and place of business in
Georgia. He alleges that in approximately November of 1976 they
entered into a conspiracy with defendant Somers, a North
Carolina resident, to copy and market his idea, and that defend-

ant Somers acted as both partner and agent of the Georgia defendants.

Defendants Hann and Greenway, in support of their motion to dismiss, filed affidavits that they are residents of Georgia and general partners in defendant YOU; that YOU has its principal and only office in Georgia and has never had an office in North Carolina; that there are no other partners, either general or limited, in the business; that YOU has no directors or salesmen in North Carolina; that to the best of the affiants' knowledge no YOU products have ever been sold in North Carolina; and that defendant Somers is not a partner, the attorney or the agent of YOU.

Plaintiff filed an affidavit in opposition to the motion to dismiss. He stated that defendants Hann and Greenway had sold the products of another business in which they were engaged in North Carolina to a substantial extent, and that YOU placed an advertisement identical to plaintiff's advertisement for AYE in a national magazine. He further alleged on information and belief that defendant Somers, as a partner in and agent of YOU, solicited several North Carolina residents to write to plaintiff for material about his marketing program, so that the material could be passed on to YOU.

[2]   Error is first assigned to the failure of the court to make findings of fact in support of the denial of their motion to dismiss. G.S. 1A-1, Rule 52(a)(2) provides that the judge need not make findings of fact when ruling upon a motion unless required by Rule 41(b) or requested by a party to do so. No request was made in this case. "It is presumed, when the Court is not required to find facts . . . and does not do so, that the court on proper evidence found facts to support its judgment." *Sherwood v. Sherwood*, 29 N.C. App. 112, 113-14, 223 S.E. 2d 509, 510-11 (1976).

[3, 4]   Defendants also contend that plaintiff's evidence in opposition to the motion was not credible because the complaint was unverified and the affidavit contained statements sworn to on information and belief. G.S. 1A-1, Rule 11(a) provides that generally pleadings need not be verified, so no lack of credibility is implied by the absence of a verification. In support of their contention that any matters contained in plaintiff's affidavit on information and belief should be stricken, defendants argue that the require-

ment of G.S. 1A-1, Rule 56(e) that affidavits on motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein" should be read into G.S. 1A-1, Rule 43(e). To the extent that Rule 43(e) applies to a motion to dismiss, we agree. A motion to dismiss can result in termination of a lawsuit just as much as a motion for summary judgment. Accordingly, the judge should rely only on material that would be admissible at trial in ruling on the motion.

[5]   We thus consider whether there were sufficient allegations based upon plaintiff's personal knowledge to support the exercise of personal jurisdiction over the Georgia defendants. G.S. 1-75.4 sets out the grounds for personal jurisdiction. G.S. 1-75.4(3) deals with injury arising from an act or omission within the State. Here the only allegation of a local act or omission on the part of defendant YOU is the allegation that defendant Somers as partner in and agent of YOU did some acts of the conspiracy within North Carolina. As this allegation was based only upon plaintiff's information and belief, it was not properly before the trial court, and there is no basis for an exercise of jurisdiction over YOU under subsection (3).

G.S. 1-75.4(4) provides for jurisdiction where there is a local injury arising from a foreign act or omission *and* solicitation or services were carried on by defendant within the state *or* defendant's products were used there in the ordinary course of trade. There is no allegation that YOU's products were used within North Carolina. It is alleged, however, that defendant YOU placed an advertisement in national magazines circulating in North Carolina, and it has been held that such solicitation is sufficient to satisfy the statutory requirement. See *Federal Ins. Co. v. Piper Aircraft Corp.*, 341 F. Supp. 855 (W.D. N.C. 1972), *aff'd* 473 F. 2d 909 (4th Cir. 1973). However, we need not determine whether we are in accord with the federal courts on this question, since we hold that even if the statute is satisfied here, due process is not.

As was pointed out in *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977), a question of *in personam* jurisdiction requires a two-part inquiry: whether the statutory requirements are met, and if they are, whether the exercise of

Hankins v. Somers

jurisdiction authorized by the statute satisfies due process. Assuming that the statutory requirement of "solicitation within the State" is satisfied, we find that the placing of advertisements in national magazines, without more, is not sufficient contact to fall within " 'traditional notions of fair play and substantial justice,' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945), as a basis for the exercise of personal jurisdiction.

With respect to defendants Hann and Greenway, plaintiff alleged in his affidavit opposing the motion to dismiss that from 1974 through the time of his lawsuit the defendants were engaged in the business of selling wire art products, and that such products were sold and used in North Carolina in the ordinary course of trade to a substantial extent. This allegation is sufficient to satisfy G.S. 1-75.4(4). "There is no requirement that the cause of action, pursuant to which the jurisdictional claim is raised, be related to the activities of the defendant which gives [sic] rise to the in personam jurisdiction." *Munchak Corp. v. Riko Enterprises, Inc.*, 368 F. Supp. 1366, 1372 (M.D.N.C. 1973). The plaintiff has met his initial burden of proving the existence of jurisdiction by a prima facie showing that the statutory requirements have been met, *Bryson v. Northlake Hilton*, 407 F. Supp. 73 (M.D.N.C. 1976), and the defendants have not contradicted his allegations. We find that the requirements of due process are also satisfied. By their wire art business activities, defendants have "purposefully [availed themselves] of the privilege of conducting activities within [North Carolina], thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298, 78 S.Ct. 1228, 1240 (1958).

As to defendant Somers, appeal dismissed.

As to defendant YOU, reversed.

As to defendants Hann and Greenway, affirmed.

Judges HEDRICK and VAUGHN concur.