LARRY EARL BUFFINGTON v. MARSHA R. BUFFINGTON

No. 8321DC978

(Filed 3 July 1984)

1. **Appeal and Error § 6.2— all issues not determined—substantial right affected—appeal proper**

Where the trial court by its rulings necessarily determined that the parties' separation agreement was valid as a matter of law and that defendant's counterclaim for equitable distribution should therefore be denied, and the only issues left remaining for trial were those relating to plaintiff's claim for specific performance of the separation agreement or, alternatively, damages for breach, the trial court's orders did not constitute a final judgment as they did not dispose of all issues as to all the parties in the lawsuit; however, defendant could properly appeal since an order which completely disposes of one of several issues in a suit affects a substantial right, and the trial court's order also affected a substantial right of defendant by preventing adjudication of defendant's counterclaim and plaintiff's claims in a single lawsuit.

2. **Husband and Wife § 10.1— property settlement—time of separation irrelevant**

By the enactment of G.S. 50-20(d) the General Assembly manifested a clear intent to change the former rule which required the actual separation of the parties to a marriage in order for a property settlement to be effective between spouses, and the public policy of our state permits spouses to execute

a property settlement at any time, regardless of whether they separate immediately thereafter or not; therefore, defendant could not avoid her separation agreement solely on the grounds that she continued to live with plaintiff for 18 days after the agreement was signed.

**3. Divorce and Alimony § 21.9— valid property settlement—no equitable distribution of property**

A request for equitable distribution of property may not be granted in the face of a prior valid agreement disposing of the parties' marital property.

APPEAL by defendant from *Harrill, Judge*. Order entered 13 June 1983 in FORSYTH County District Court. Heard in the Court of Appeals 6 June 1984.

Plaintiff and defendant were married on 13 June 1970 in Harrisburg, Pennsylvania and later moved to Winston-Salem, North Carolina. The parties experienced marital difficulties and executed a separation agreement disposing of their property on 12 November 1981. After signing the agreement, the parties continued to live together in the marital home until 30 November 1981, when the defendant moved out.

Thereafter, defendant refused to comply with the terms of the agreement and plaintiff filed suit on 10 December 1982, seeking a divorce and specific performance of the separation agreement or, alternatively, damages for breach of the agreement. In her answer, defendant admitted that grounds existed for a divorce based on one year's separation under N.C. Gen. Stat. § 50-6 (1983 Supp.), but contended that the separation agreement was invalidated by her continued cohabitation with plaintiff for 18 days after execution of the agreement. Defendant counterclaimed for an order declaring the separation agreement void, and for equitable distribution of the parties' marital property pursuant to N.C. Gen. Stat. § 50-20 (1983 Supp.).

On 31 January 1983, the parties were granted an absolute divorce and in May, 1983, both plaintiff and defendant moved for summary judgment on defendant's counterclaims. Following a hearing on 6 June 1983, the trial court denied defendant's motion for summary judgment on her counterclaim. The court then granted plaintiff's motion for summary judgment as to defendant's counterclaim.

From entry of the order denying defendant's motion and granting plaintiff's motion for summary judgment, defendant appealed.

*Morrow and Reavis, by John F. Morrow and Clifton R. Long, Jr., for plaintiff.*

*Barbara C. Westmoreland for defendant.*

WELLS, Judge.

Defendant's appeal raises for the first time the question whether the passage of the Equitable Distribution Act, which permits property settlements executed "[b]efore, during or after marriage," alters our state's former public policy, expressed in the prior decisional law of this state, which permitted such agreements only where the parties had already separated or separated immediately after execution of the agreement.

[1] Before determining whether the trial court's summary judgment orders were correct, we examine the procedural status of defendant's appeal. As a general rule, a party may properly appeal only from a final order, which disposes of all the issues as to all parties, or an interlocutory order affecting a substantial right of the appellant. *Roberts v. Heffner*, 51 N.C. App. 646, 277 S.E. 2d 446 (1981), N.C. Gen. Stat. § 1-277 (1983), § 7A-27(d) (1981). The purpose of the substantial right doctrine is to prevent fragmentary or premature appeals, by permitting the trial division to have done with a case fully and finally before it is presented to the appellate division, *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E. 2d 777 (1983).

In ruling on the parties' summary judgment motions, the trial judge noted that ". . . the record fails to establish any genuine issue of material fact that would support the legal conclusion that the separation agreement of the parties . . . is not valid as to the division of the property of the parties . . ." By its rulings, the trial court necessarily determined that the separation agreement was valid as a matter of law and that defendant's counterclaim for equitable distribution should therefore be denied. The only issues left remaining for trial were those relating to plaintiff's claim for specific performance of the separation agreement, or, alternatively, damages for breach. The trial court's

orders did not constitute a final judgment as they did not dispose of all issues as to all the parties in the lawsuit, *Roberts v. Heffner, supra.* However, it has been held that an order which completely disposes of one of several issues in a suit affects a substantial right, *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976). The trial court's order also affects a substantial right of defendant by preventing adjudication of defendant's counterclaim and plaintiff's claims in a single lawsuit, *see Funderburk v. Justice,* 25 N.C. App. 655, 214 S.E. 2d 310 (1975), Comment, "Interlocutory Appeals in North Carolina: The Substantial Right Doctrine," 18 Wake Forest L. Rev. 857 (1982).

In considering defendant's appeal, we also note that defendant has violated Rule 10 of the Rules of Appellate Procedure by failing to include in the record on appeal proper exceptions following the record of judicial action to which they are addressed, and by failing to include a plain, concise statement of the basis of her assignments of error at the close of the record on appeal. Normally, appellate review is limited to those exceptions set out and made the basis of assignments of error in accordance with Rule 10. Nevertheless, because of the importance of the issues presented by defendant's appeal, we exercise our discretion under Rule 2 of the Appellate Procedure and consider the appeal despite its procedural defects.

We turn now to the merits of defendant's appeal, to determine if the trial court correctly determined that no genuine issues of material fact remained for trial and that plaintiff was entitled to judgment as to defendant's counterclaim, as a matter of law. Defendant sought an equitable distribution of the parties' marital property on the grounds that the separation agreement was invalidated when defendant and plaintiff lived together for 18 days after its execution. Under the common law of our state, courts generally refused to uphold a property settlement contingent upon divorce if the parties were living together at the time of its execution and had no intent of separating immediately thereafter, *see* 2 R. Lee, *North Carolina Family Law* § 188 (4th ed. 1980), and cases cited therein. Such agreements were thought to facilitate divorce by guaranteeing the spouses certain property upon dissolution of the marriage. *Id.* Antenuptial agreements regulating the parties' property rights *during* marriage, on the

other hand, have long been permitted in our state, *see* N.C. Gen. Stat. § 52-10(a) (1983 Cum. Supp.), Lee, *supra* at § 181.

Plaintiff contends, however, that our former public policy was modified by the enactment of G.S. § 50-20(d), which provides:

Before, during or after marriage the parties may by written agreement, duly executed and acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1, or by a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties.

Defendant argues that G.S. § 50-20(d) did not change public policy because the statute refers to G.S. § 52-10 and G.S. § 52-10.1, which prohibit separation agreements contrary to public policy.[1]

In interpreting statutory language, the duty of the court is to effectuate the intent of the legislature, *Newlin v. Gill*, 293 N.C. 348, 237 S.E. 2d 819 (1977). In ascertaining the legislative intent, it is presumed that the legislature acted with full knowledge of prior and existing law, *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970). A statute should be considered as a whole and none of its provisions construed in a way that would render them useless or redundant if they can reasonably be considered as adding

---

1. § 52-10. *Contracts between husband and wife generally; releases.* —

Contracts between husband and wife not forbidden by G.S. 52-6 and *not inconsistent with public policy* are valid, and any persons of full age about to be married, and, subject to G.S. 52-6, any married persons, may, with or without a valuable consideration, release and quitclaim such rights which they might respectively acquire or may have acquired by marriage in the property of each other; and such releases may be pleaded in bar of any action or proceeding for the recovery of the rights and estate so released.

§ 52-10.1. *Separation agreements; execution by minors.* —

Any married couple, both of whom are 18 years of age or over, is hereby authorized to execute a separation agreement which shall be legal, valid, and binding in all respects as if they were both 21 years of age, provided, that if either the husband or the wife, or both, are under the age of 21 years, the separation agreement must be acknowledged by the husband before a clerk of the superior court and executed by the wife before a clerk of the superior court in conformity with G.S. 52-6.

meaning to the act in harmony with its purpose, *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972).

[2] Applying these rules to the case before us, we hold that by the enactment of G.S. § 50-20(d), the General Assembly manifested a clear intent to change the former rule which required the actual separation of the parties to a marriage in order for a property settlement to be effective between spouses. Defendant argues that the legislature inserted clear language permitting separation agreements "[b]efore, during or after marriage" in the first part of G.S. § 50-20(d), only to take it out in the next clause by a reference to G.S. §§ 52-10 and 52-10.1. Such an interpretation runs counter to the rules of statutory construction and common sense. We hold that the public policy of our state, as expressed by G.S. § 50-20(d), permits spouses to execute a property settlement at any time, regardless of whether they separate immediately thereafter or not. It follows that defendant cannot avoid her separation agreement solely on the grounds that she continued to live with plaintiff for 18 days after the agreement was signed.

[3] Turning to defendant's motion for summary judgment on her counterclaim for equitable distribution, we hold that summary judgment was properly granted. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) of the Rules of Civil Procedure. The burden of proof rests upon the movant. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982). A request for equitable distribution of property may not be granted in the face of a prior, valid agreement disposing of the parties' marital property, G.S. § 50-20(d). Therefore, summary judgment in favor of defendant's claim for equitable distribution would be improper unless defendant showed that no valid property settlement existed, no material issues of fact remained concerning her right to equitable distribution, and that she was entitled to equitable distribution as a matter of law. The material facts are not in dispute and defendant has failed to show that she is entitled to equitable distribution as a matter of law. Defendant attacks the separation agreement solely on the ground that it was invalidated by her cohabitation with plaintiff for 18 days after execution of the agreement. Based on our foregoing

discussion of the law concerning the validity of property settlements agreements contingent upon divorce, it is clear that the trial court correctly concluded that defendant was not entitled to equitable distribution as a matter of law.

We hold the trial court also correctly granted plaintiff's motion for summary judgment as to defendant's counterclaim, leaving for trial only plaintiff's claim for specific performance or, alternatively, damages for breach of the separation agreement.

Affirmed.

Chief Judge VAUGHN and Judge HEDRICK concur.