MICKI S. MEWBORN LOVE v. VIRGIL MEWBORN, III

No. 8515DC1060

(Filed 18 February 1986)

1. **Husband and Wife § 11.1— separation agreement—"alimony" as part of property settlement**

    The trial court could properly consider parol evidence regarding the situation of the parties at the time of execution of their separation agreement and property settlement to determine whether payments denominated "alimony" in the agreement were part of the property settlement between the parties.

2. **Husband and Wife § 12— separation agreement—obligation to pay not terminated upon renewal of sexual relations**

    Evidence was sufficient to support the trial court's finding that property settlement and alimony payments were mutually dependent which in turn supported its conclusion that defendant's obligation to pay under the parties' separation agreement and property settlement did not terminate upon renewal of sexual relations.

APPEAL by defendant from *Allen (J.B., Jr.), Judge.* Judgment entered 1 August 1985 nunc pro tunc 21 May 1985. Heard in the Court of Appeals 12 February 1986.

Plaintiff and defendant who were husband and wife separated on 14 January 1980. They entered a "separation agreement and property settlement" on 1 May 1980. As part of the separation agreement and property settlement, the defendant agreed to pay plaintiff $800.00 per month "alimony" for a period of ten

years. By the terms of the agreement, defendant's obligation would terminate upon the death or remarriage of plaintiff.

The parties admit that a reconciliation occurred in May of 1981 and that sexual relations resumed during the less than twenty-four hour reconciliation period. The parties were divorced in July of 1982 and plaintiff remarried in July of 1983. Following the reconciliation of May 1981, defendant stopped making the $800.00 per month payments to plaintiff. On 27 December 1984, plaintiff commenced this action to recover $800.00 per month from June of 1981 through the time of her remarriage. From a judgment granting plaintiff $20,800 plus interest, defendant appealed.

*Wishart, Norris, Henninger & Pittman, P.A., by June K. Allison, for plaintiff, appellee.*

*Vernon, Vernon, Wooten, Brown & Andrews, P.A., by Wiley P. Wooten and T. Randall Sandifer, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant contends that the twenty-four hour reconciliation of the parties terminated defendant's "alimony" obligations. It is well settled that a single act of sexual intercourse between a husband and wife constitutes a reconciliation and terminates alimony obligations. *Murphy v. Murphy*, 295 N.C. 390, 245 S.E. 2d 693 (1978). However, property settlements may be executed before, during or after marriage and are not necessarily terminated by reconciliation. See G.S. 50-20(d); *Buffington v. Buffington*, 69 N.C. App. 483, 317 S.E. 2d 97 (1984). Thus the central issue on this appeal is whether the trial court erred in determining that the $800.00 per month payments denominated "alimony" in the agreement were part of the property settlement between the parties.

[1] Defendant by his second and third assignments of error contends that the trial court committed reversible error in admitting the parol evidence upon which the court based its finding that the payments were part of the property settlement. He argues that the term "alimony" in the separation agreement and property settlement was clear and unambiguous and that therefore the evidence regarding the negotiations was inadmissible parol evidence. We disagree.

The fact that payments are denominated "alimony" militates against a finding that the payments are part of a property settlement but is "far from conclusive on the issue." *White v. White*, 296 N.C. 661, 668, 252 S.E. 2d 698, 702 (1979). Evidence regarding the situation of the parties at the time of the agreement is admissible to show whether the parties intended the payments to be merely alimony or a part of the property settlement. *Id.*

Defendant next argues that plaintiff's exhibit B, a letter from plaintiff's attorney to defendant's attorney dated 5 March 1980, was erroneously admitted without foundation. This contention is not properly before us. At trial the defendant objected to the admission of plaintiff's exhibit B on the grounds that "any negotiations between the parties prior to culmination of the separation agreement is not admissible; they were simply negotiations and did not become a part of the separation agreement." Defendant never objected to the foundation laid for plaintiff's exhibit B. Defendant having made a specific objection at trial based upon the parol evidence rule may not argue improper foundations on appeal. *State v. Sellars*, 52 N.C. App. 380, 278 S.E. 2d 907 (1981); 1 H. Brandis, *Brandis on North Carolina Evidence* Sec. 27 (2nd ed. 1982).

By assigning error to the trial court's judgment and denial of his motion for directed verdict, defendant challenges the sufficiency of the evidence to support the court's findings of fact, the sufficiency of the findings of fact to support the conclusions of law and the sufficiency of the conclusions of law to support the judgment.

[2]  The evidence taken in the light most favorable to the plaintiff is sufficient to support the trial court's finding that the property settlement provisions and the alimony provisions of the separation agreement and property settlement were intended to be mutually dependent. The stipulated testimony of the plaintiff is to this effect. Plaintiff's exhibit B, the letter from plaintiff's attorney to defendant's attorney dated three months prior to the separation agreement and property settlement, states that "Virgil will pay to Micky the sum of $55,000, all to constitute a property settlement. . . . As an alternative to the cash settlement of $55,000, Virgil may pay the sum of $1,000 per month for a period of 8 years. . . ."

The trial court's finding of fact that the property settlement and alimony payments were mutually dependent supports its conclusion that the defendant's obligation did not terminate upon renewal of sexual relations. See G.S. 50-20(d); *Buffington v. Buffington*, 69 N.C. App. 483, 317 S.E. 2d 97 (1984). The trial court's conclusion that defendant's obligation did not terminate upon renewal of sexual relations supports its judgment ordering defendant to pay the omitted payments. All of defendant's assignments of error are overruled. The judgment of the district court is affirmed.

Affirmed.

Judges WEBB and PARKER concur.