MARTIN L. TAYLOR v. MARGIE V. TAYLOR

No. 868DC623

(Filed 17 February 1987)

**Husband and Wife § 12— bigamous marriage—compliance with separation agreement not required**

The trial court did not err in declaring that plaintiff was relieved of his obligation to support defendant and that defendant was not entitled to receive payments from plaintiff pursuant to the parties' deed of separation where defendant admitted that she participated in a bigamous marriage ceremony while the parties were still married to each other. N.C.G.S. § 31A-1.

Judge GREENE dissenting.

APPEAL by defendant from *Jones (Arnold O.), Judge*. Judgment entered 16 January 1986 in District Court, WAYNE County. Heard in the Court of Appeals 9 December 1986.

This is a civil action wherein plaintiff seeks to be relieved of an obligation to make certain payments to his wife, defendant, pursuant to a deed of separation entered into between them. Plaintiff also seeks custody of a minor child, and a "divorce from bed and board." Defendant filed an answer praying that plaintiff not receive the relief prayed for in the complaint and a counterclaim seeking specific performance of the deed of separation.

After a hearing, the trial judge made the following pertinent findings of fact:

3. Three (3) children were born of the marriage of the parties of whom only ELIZABETH RENEE TAYLOR, born June 17, 1968, is a minor child.

4. The parties executed a written separation agreement on October 5, 1984, which provides in pertinent part in Paragraph 2 thereof, "Husband shall pay to Wife for her support and for support of the children the sum of ONE THOUSAND DOLLARS ($1,000.00) per month for one year, the payments beginning on October 10, 1984 and ending on September 10, 1985; thereafter, Wife shall receive one-half of the retirement pay of the Husband (the retirement pay at this time is EIGHT HUNDRED TWENTY-SEVEN AND 77/100 ($827.77) per month) and shall receive one-half of said retirement pay as it may increase or decrease until her remarriage or death."

5. In Paragraph 7 of the separation agreement, the parties agreed, "except as expressly set forth herein, each party does hereby waive any and all rights—past, present, and future—which either party may have against the other for support, alimony, alimony pendente lite, any claim under the Equitable Distribution Act, and all other claims which the parties may have by reason of the marriage."

6. The Plaintiff paid to the Defendant the sum of ONE THOUSAND DOLLARS ($1,000.00) per month through and including the month of May, 1985, pursuant to the terms of the separation agreement.

7. On April 8, 1985, the Defendant applied for a license to marry George Dwight Davis at Dillon, South Carolina, at 5:25 p.m. She subsequently went with George Dwight Davis to Lumberton, North Carolina where they registered at Motel 6

and spent the night together and then returned to Dillon, South Carolina on April 9, 1985.

8. On April 9, 1985 at 5:25 p.m., the Defendant participated in a marriage ceremony with George Dwight Davis at Dillon, South Carolina and a License and Certificate for Marriage was duly issued to them by the State of South Carolina.

9. The Defendant, Margie V. Taylor, testified that she went through a marriage ceremony with George Dwight Davis for the purpose of trying to lure him back to North Carolina.

10. The Defendant, Margie V. Taylor, testified that she had not cohabited with George Dwight Davis in the State of North Carolina since entering into the marriage ceremony with him.

11. The Plaintiff, Martin L. Taylor, testified that he was married to Margie V. Taylor on April 9, 1985; Margie V. Taylor testified that she has not divorced Martin L. Taylor.

12. Thereafter, the Defendant lived from time to time with George Dwight Davis in the State of Florida and has received some support from George Dwight Davis since April 9, 1985.

13. The parties stipulated that the Plaintiff shall have the care, custody and control of the minor child, ELIZABETH RENEE TAYLOR and that the Defendant shall have the privilege of visiting with said child at reasonable times and intervals and so long as such visits do not interfere with the health, education and welfare of said child and the Court finds that such custody and visitation will be in the best interest of said child.

Based on these findings, the judge made the following conclusions of law:

1. The obligation of the Plaintiff to pay support for the Defendant as provided in Paragraph 2 of the separation agreement between the parties dated October 5, 1984 was terminated upon the marriage ceremony of the Defendant on April 9, 1985 at Dillon, South Carolina.

2. The Plaintiff has paid the Defendant all sums due for her support under the separation agreement and owes the Defendant nothing pursuant to Defendant's Counterclaim.

3. The custody of the minor child, ELIZABETH RENEE TAYLOR, should be awarded to the Plaintiff and the Defendant should have reasonable visitation with said child.

The trial court entered a judgment ordering that plaintiff have exclusive custody of the minor child, declaring that the marriage ceremony of defendant at Dillon, South Carolina on 9 April 1985 terminated plaintiff's obligation pursuant to the deed of separation to support defendant, and that defendant take nothing by her counterclaim and pay the costs of the action. Defendant appealed.

*Cecil P. Merritt for plaintiff, appellee.*

*Hulse & Hulse, by B. Geoffrey Hulse, for defendant, appellant.*

HEDRICK, Chief Judge.

We note at the outset that the record does not indicate that the trial court entered a judgment with respect to plaintiff's prayer for "divorce from bed and board." We also point out that defendant took no exception to any of the findings of fact made by the trial court; nor does she contend in her brief that the findings of fact are not supported by the evidence. In her brief, defendant makes no contention regarding the order of custody. The minor child in question became eighteen years of age on 17 June 1986.

The only questions raised on appeal relate to the bigamous marriage ceremony entered into between defendant and George Dwight Davis in Dillon, South Carolina on 9 April 1985. Defendant, in fact, testified that she and George Dwight Davis participated in the marriage ceremony in Dillon on 9 April 1985. Defendant contends the trial court erred in allowing evidence regarding the bigamous marriage ceremony. Evidence regarding the bigamous marriage ceremony was and is relevant and material, and the trial court did not err in hearing such evidence and considering it in the judgment entered.

Taylor v. Taylor

G.S. 31A-1, in pertinent part, provides:

(a) The following persons shall lose the rights specified in subsection (b) of this section:

. . .

(5) A spouse who knowingly contracts a bigamous marriage.

(b) The rights lost as specified in subsection (a) of this section shall be as follows:

. . .

(6) Any rights or interests in the property of the other spouse which by a settlement before or after marriage were settled upon the offending spouse solely in consideration of the marriage.

We think the statute is clear, and is an absolute bar to defendant's claim to have plaintiff pay her one-half of his retirement pay pursuant to the deed of separation entered into on 5 October 1984. It can hardly be argued that defendant's right to claim one-half of her spouse's retirement benefits was not a property right settled upon her in the deed of separation entered into after the marriage solely in consideration of the marriage. Defendant, the offending spouse, would have no right to claim anything from plaintiff, her spouse, if she was not in fact married to him at the time he and she entered into the deed of separation which required her husband, plaintiff, to pay her, his spouse, $1,000 per month for one year and, thereafter, one-half of his retirement benefits. We hold, therefore, that the trial judge did not err in declaring that plaintiff was relieved of his obligation to support defendant and that defendant was not entitled to receive the payments from her spouse pursuant to the deed of separation and in dismissing her counterclaim. We are not prepared to ignore the plain language of G.S. 31A-1 with respect to the facts of this case.

The judgment appealed from is affirmed.

Affirmed.

Judge JOHNSON concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I believe the trial judge erred in declaring plaintiff relieved of his obligation to support defendant. I disagree with the majority that the language of N.C. Gen. Stat. Sec. 31A-1(b)(6) creates a bar to defendant's claim under the separation agreement.

I

Plaintiff asserts that N.C. Gen. Stat. Sec. 31A-1 requires the forfeiture of defendant's contractual right to alimony because defendant entered into a bigamous marriage.

The relevant portions of Section 31A-1 are found in subsections (a)(5) and (b)(6). Read together, they provide that "[a] spouse who knowingly contracts a bigamous marriage" shall lose "[a]ny rights or interests in the property of the other spouse which by a settlement before or after marriage were settled upon the offending spouse solely in consideration of the marriage." The majority determined the rights given by a separation agreement are rights or interests "in the property of the other spouse which by a settlement before or after marriage were settled upon the offending spouse solely in consideration of the marriage." I disagree.

I first note there is no case law addressing the meaning of subsection (b)(6). I also note Professor Lee found the section to be unclear. *See generally* 2 R. Lee, North Carolina Family Law Sec. 219, n. 20 (4th ed. 1980). Professor Lee also said: "It is doubtful that separation agreements, contemplating a separation or a divorce, are affected by N.C. Gen. Stat. Sec. 31A-1(b)(6)." *Id.*

This Court has held that property agreements are valid and may be entered into at any time either before, during or after marriage. *Buffington v. Buffington*, 69 N.C. App. 483, 488, 317 S.E. 2d 97, 100 (1984). Relying upon *Buffington*, the plaintiff contends that subsection (b)(6) now encompasses agreements settling property made during the marriage in contemplation of divorce. I, however, would not conclude that all property settlement agreements and/or separation agreements, are included in the language of N.C. Gen. Stat. Sec. 31A-1(b)(6).

In *Buffington*, this Court held that N.C. Gen. Stat. Sec. 50-20 had abolished the common law rule that property settlements entered into prior to the date of separation were void. 69 N.C. App.

at 488, 317 S.E. 2d at 100. Plaintiff's argument does not aid in the interpretation of the statute at hand since the language upon which subsection (b)(6) turns is the phrase "solely in consideration of the marriage." I construe that language to mean "solely in consideration of entering marriage." It is clear the agreement here was entered into in contemplation of the separation or divorce, in other words, in contemplation of ending a marriage. Indeed, this Court has previously indicated that the right to support set out in a separation agreement does not arise out of the marriage, but arises out of contract. *See Haynes v. Haynes*, 45 N.C. App. 376, 381-82, 263 S.E. 2d 783, 786 (1980).

Additionally, if subsection (b)(6) includes separation agreements, as the majority holds, then separation agreements are unenforceable after the divorce, unless they are incorporated into the divorce decree. This is so because N.C. Gen. Stat. Sec. 31A-1 (a)(1) states that the spouse forfeits any rights enumerated in section (b) once the divorce is entered or the marriage is annulled. In North Carolina, separation agreements have been enforceable contracts after the divorce, even without incorporation into the divorce decree. *Haynes* at 381-82, 263 S.E. 2d at 786.

I would hold that Section 31A-1(b)(6) does not include separation agreements. Therefore, the bigamous marriage entered into by defendant would not result in forfeiture of her rights under the agreement entered into by she and plaintiff.

## II

Since I would hold that N.C. Gen. Stat. Sec. 31A-1 would not require forfeiture of the defendant's rights, two additional issues are raised: (1) whether "remarriage," as used in the separation agreement, includes a bigamous marriage, and (2) whether defendant is estopped from asserting that her remarriage is bigamous.

## A

N.C. Gen. Stat. Sec. 51-3 states "[a]ll marriages . . . between persons either of whom has a husband or wife living at the time of such marriage . . . shall be void." This is commonly known as bigamy.

A bigamous marriage is void *ab initio* in this state. *Ivery v. Ivery*, 258 N.C. 721, 727, 129 S.E. 2d 457, 460 (1963); *Pridgen v.*

*Pridgen*, 203 N.C. 533, 537, 166 S.E. 591, 593 (1932). Since it is a nullity, it can be collaterally attacked at any time and no legal rights flow from it. *Cunningham v. Brigman*, 263 N.C. 208, 211, 139 S.E. 2d 353, 355 (1964). Therefore, I would hold that a bigamous marriage is a void marriage and cannot be considered a re-marriage.

B

Our courts have held that equity can suspend the operation of N.C. Gen. Stat. Sec. 51-3. In an action for divorce, a party may be estopped from asserting that a current marriage is bigamous in order to avoid paying alimony. *Mayer v. Mayer*, 66 N.C. App. 522, 311 S.E. 2d 659, *disc. rev. denied*, 311 N.C. 760, 321 S.E. 2d 140 (1984); *Redfern v. Redfern*, 49 N.C. App. 94, 270 S.E. 2d 606 (1980); *McIntyre v. McIntyre*, 211 N.C. 698, 191 S.E. 507 (1937). "Under quasi-estoppel doctrine, one is not permitted to injure another by taking a position inconsistent with prior conduct, regardless of whether the person had actually relied upon that conduct." *Mayer* at 532, 311 S.E. 2d at 666.

By entering into the marriage ceremony performed in South Carolina, defendant impliedly represented she was not then married to any other person. Such conduct is inconsistent with her present assertion that the South Carolina "marriage" is void. However, plaintiff has not been injured by defendant's conduct: he simply has not been relieved of the obligations arising from his marriage to her. Neither plaintiff nor defendant have entered into any new obligations by virtue of defendant's actions; the only obligation presented in the case is that created prior to the South Carolina marriage ceremony.

While it is true defendant might be estopped to assert the invalidity of the South Carolina marriage in an action by George Dwight Davis on the ground that it was bigamous, I find no inequity in allowing her to assert the voidness of her South Carolina marriage ceremony in this particular action. While some may find defendant's conduct to be of questionable morality, courts are guided by principles of law and equity. Plaintiff would not be estopped from asserting the voidness of the South Carolina marriage.

### III

In its judgment, the trial court directed defendant take nothing by her counterclaim. In light of my dissent, I would hold the trial court erred in denying the counterclaim and remand the action to the trial court for a new trial.

I vote to reverse and remand.