CALVIN C. VINSON, FOR HIMSELF AND AS EXECUTOR OF THE ESTATE OF ELVA ANN REED VINSON, PLAINTIFF v. KELLEY WALLACE, JR. AND PITT COUNTY MEMORIAL HOSPITAL, INC., DEFENDANTS

No. 896SC288

(Filed 21 November 1989)

### Appeal and Error § 6.2 (NCI3d); Venue § 4 (NCI3d) — interlocutory appeal — venue — dismissed

An appeal was dismissed as interlocutory where plaintiff filed a personal injury-wrongful death action in Hertford County arising from a tummy tuck operation performed by defendant Wallace, a Beaufort County surgeon, in the Pitt County Memorial Hospital in Greenville; the hospital moved as a matter of right for the action against it to be removed to Pitt County; that motion was granted; the parties disagreed as to whether that order applied to the entire action or only the case against the hospital; the individual defendant filed a motion to transfer the entire action, which was denied; and that order was appealed to the Court of Appeals. The hospital was not an aggrieved party as the only motion it made was granted, and plaintiff had a right to maintain an action in Hertford County unless the venue was changed for some lawful reason. The law does not entitle defendant Wallace either to have the action tried in Pitt County, where he does not reside, or with plaintiff's action against the hospital, and the inconvenience of two trials is too insubstantial to justify frag-

**VINSON v. WALLACE**

[96 N.C. App. 372 (1989)]

mentary appeals. N.C.G.S. § 1-277(a); N.C.G.S. § 7A-27(d); N.C.G.S. § 1-82.

**Am Jur 2d, Appeal and Error §§ 89, 182-185, 861, 875.**

APPEAL by defendants from *Small, Judge.* Order entered 25 January 1989 in Superior Court, HERTFORD County. Heard in the Court of Appeals 21 September 1989.

*Perry W. Martin and Clifton & Singer, by Richard G. Singer, for plaintiff appellee.*

*Ward and Smith, by Thomas E. Harris, for defendant appellant Kelley Wallace, Jr.*

*No brief filed for defendant appellant Pitt County Memorial Hospital, Inc.*

PHILLIPS, Judge.

This personal injury-wrongful death action arose out of a "tummy tuck" operation that defendant Wallace, a Beaufort County surgeon, performed on plaintiff's testator, Elva Ann Reed Vinson, in the Pitt County Memorial Hospital in Greenville. Before answering the complaint defendant hospital, as a county instrumentality, moved as a matter of right under G.S. 1-77 and *Coats v. Sampson County Memorial Hospital, Inc.,* 264 N.C. 332, 141 S.E.2d 440 (1965), that the action against it be removed to Pitt County where the events upon which it is based occurred. In his answer defendant Wallace stated that the proper venue of the action was Pitt County as noted in the motion of defendant hospital, but made no motion of his own. When the hospital's motion was heard Judge Griffin granted it by an order directing the Clerk to effectuate the transfer and he later orally instructed the Clerk to transfer only the portion of the case that related to Pitt County Memorial Hospital. The Clerk followed that instruction and during the months that followed counsel for the parties and the court corresponded and conversed several times about what the order meant and what they intended for it to mean, it being contended by plaintiff that it was understood and intended that only the case against the hospital would be transferred and by the individual defendant that the entire action would be sent. On 7 December 1987 defendant Wallace moved that the Clerk be compelled to transfer the case in its entirety in accord with the order and he filed another motion to the same

VINSON v. WALLACE

[96 N.C. App. 372 (1989)]

effect on 8 December 1988. On 25 January 1989, Judge Small denied the motion by a ten page order interpreting the removal order and the correspondence and conversations about it; one of its many findings was that when Judge Griffin entered the order no motion concerning the case against the individual defendant was before him. The appeal is from this order.

Who is appealing is not clear, however, as the notice of appeal is in the names of both defendants, but only the individual defendant filed assignments of error and submitted a brief. The discrepancies, not explained by the record, could be inadvertent, for the situations of the defendants are not at all similar, either in regard to the duties and violations alleged or the effects of the orders, and the same lawyer represents both. Under the circumstances we treat it as a joint appeal and dismiss it since it is unauthorized in any event; for the order is interlocutory and does not affect a substantial right of either defendant, G.S. 1-277(a); G.S. 7A-27(d); *Buffington v. Buffington*, 69 N.C. App. 483, 317 S.E.2d 97 (1984), or any other kind of right so far as the record indicates. Defendant hospital is not an aggrieved party since the only motion it made was granted; and while it has a right to have the claim against it tried in Pitt County it has no right to have the claim against Dr. Wallace tried there too. Unless or until the venue is changed for some lawful reason plaintiff, a resident of Hertford County, has a right to maintain his action against defendant Wallace in that county. G.S. 1-82. Under the circumstances the law does not entitle defendant Wallace either to have the action against him tried in Pitt County, where he does not reside, or with plaintiff's action against the hospital. And the only possible inconvenience that either defendant could suffer by participating in two trials, one as a party, the other as an interested observer or witness, is too insubstantial, even if not speculative, to justify the fragmentary appeal attempted.

Appeal dismissed.

Judges COZORT and LEWIS concur.