CHARLES BAKER, PLAINTIFF-APPELLEE v. LANIER MARINE LIQUIDATORS, INC., DEFENDANT-APPELLANT

No. COA07-152

(Filed 18 December 2007)

## 1. Jurisdiction— personal—findings of fact not requested— minimum contacts—long-arm statute—due process

The trial court did not err in a breach of express warranty, breach of implied warrant of merchantability, breach of warranty of fitness for a particular purpose, fraud or in the alternative negligent misrepresentation, and unfair and deceptive trade practices case arising out of the sale of a boat by denying defendant's motion to dismiss based on lack of personal jurisdiction, because: (1) although defendant contends the trial court failed to make any findings of fact, there was no indication in the record that either party requested findings by the trial court as required by N.C.G.S. § 1A-1, Rule 52(a)(2); (2) defendant was subject to jurisdiction under North Carolina's long-arm statute, N.C.G.S. § 1-75.4(5), since defendant personally coordinated the delivery of the boat to plaintiff located in North Carolina through an independent third-party, and the $9,812 wire transfer sent from plaintiff in North Carolina to defendant in Georgia for payment of the boat constituted a thing of value shipped from this state by plaintiff to defendant on defendant's order or direction; and (3) the exercise of personal jurisdiction comported with due process based on sufficient minimum contacts with the forum state including the relationship among the parties, the nature of their communications, the interest of the forum state, the convenience of the parties, and the cause of action such that defendant purposefully availed itself to do business in North Carolina.

## 2. Appeal and Error— appealability—denial of motion to dismiss—failure to state claim

Although defendant contends the trial court erred by denying his N.C.G.S. § 1A-1, Rule 12(b)(6) motion to dismiss even though defendant contends Georgia law and not North Carolina law

should apply to this case, this assignment of error is dismissed as an appeal from an interlocutory order, because the denial of a motion to dismiss for failure to state a claim upon which relief can be granted is not a final determination within the meaning of N.C.G.S. § 1-277(a), does not affect a substantial right, and is not appealable.

Judge STEELMAN concurring in the result.

Appeal by defendant from order entered 25 August 2006 by Judge John E. Nobles in Carteret County Superior Court. Heard in the Court of Appeals 12 September 2007.

*Harvell & Collins, P.A., by Wesley A. Collins and Amy C. Shea, for plaintiff-appellee.*

*Wheatly, Wheatly, Weeks, Valentine & Lupton, P.A., by Stevenson L. Weeks, for defendant-appellant.*

CALABRIA, Judge.

Lanier Marine Liquidators, Inc. ("defendant") appeals from an order of the Carteret County Superior Court. We affirm the trial court's denial of defendant's motion to dismiss for lack of personal jurisdiction, and we dismiss, as interlocutory, the trial court's denial of the motion to dismiss for failure to state a claim upon which relief can be granted.

Defendant is a Georgia merchant in the business of selling boats and marine vessels. In 2004, Charles Baker ("plaintiff") sought to purchase a boat and was referred to defendant by a North Carolina firm. In the summer of 2004, plaintiff contacted defendant and spoke with defendant's agent, Shane Vaughn, ("Vaughn") concerning the type of boat plaintiff wished to purchase. During the initial phone conversation, Vaughn told plaintiff he currently did not have a boat in his inventory that met with plaintiff's specifications. Vaughn said he would begin searching for one matching plaintiff's requirements. In the Fall of 2004, Vaughn contacted plaintiff in North Carolina and told plaintiff he had a "great boat" and that plaintiff could view the boat on defendant's website.

After plaintiff viewed the boat on defendant's website, he offered to purchase the boat at its listed price in the amount of $9,900, and defendant accepted his offer. On 9 December 2004, plaintiff used his debit card and placed a $100 deposit with defendant. On 14 January

2005, plaintiff wired $9,812, the remaining amount of the purchase price (including a $12 wire transfer fee), to defendant's bank in Georgia. After completing the financial arrangements, defendant arranged for an independent contractor, Richard Pursley, to ship the boat to plaintiff. When the boat was delivered in North Carolina, the boat's interior was in very poor condition. In addition, plaintiff was not presented with any sales documentation or the boat's title. On the same day the boat was delivered, plaintiff placed the boat in the water, and the boat sank. Plaintiff telephoned Vaughn, spoke with him briefly, and was promised a return phone call. Neither Vaughn nor any of defendant's other employees contacted plaintiff.

On 1 August 2005, plaintiff filed a complaint in Carteret County Superior Court against defendant seeking to recover damages for breach of an express warranty, breach of an implied warranty of merchantability, breach of warranty of fitness for a particular purpose, fraud, in the alternative to fraud negligent misrepresentation, and unfair and deceptive trade practices. Defendant filed motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. The trial court denied all three motions. From the denial of these motions, defendant appeals.

[1] As a preliminary matter, we first address defendant's contention that the trial court made no findings of fact, but concluded as a matter of law that the court has personal jurisdiction over defendant. Rule 52(a)(2) of the North Carolina Rules of Civil Procedure provides that "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b)." N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2005).

Here, there is no indication in the record that either party requested findings by the trial judge. Therefore, it was proper that the trial court made no findings of fact when issuing the order denying defendant's motion to dismiss.

Defendant next argues the trial court erred in denying its motion to dismiss for lack of personal jurisdiction. Specifically, defendant argues there are insufficient minimum contacts with North Carolina for our courts to exercise statutory jurisdiction, nor are there sufficient minimum contacts necessary to satisfy the due process of law requirements to subject defendant to the personal jurisdiction of North Carolina's courts. We disagree.

BAKER v. LANIER MARINE LIQUIDATORS, INC.

[187 N.C. App. 711 (2007)]

"The standard of review of an order determining jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Tejal Vyas, LLC v. Carriage Park Ltd. P'ship*, 166 N.C. App. 34, 37, 600 S.E.2d 881, 884 (2004) (internal quotation omitted). North Carolina courts utilize a two-prong analysis in determining whether personal jurisdiction against a non-resident is properly asserted. *Id.* Under the first prong of the analysis, we determine if statutory authority for jurisdiction exists under our long-arm statute. *Id.*, 166 N.C. App. at 37, 600 S.E.2d at 885; *See also* N.C. Gen. Stat. § 1-75.4 (2005). If statutory authority exists, we consider under the second prong whether exercise of our jurisdiction comports with standards of due process. *Tejal Vyas*, 166 N.C. App. at 37, 600 S.E.2d at 885.

A. North Carolina's statutory long-arm statute

Pursuant to North Carolina's long-arm statute, personal jurisdiction is proper here under two provisions:

(5) Local Services, Goods or Contracts.-In any action which:

. . . .

(c) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or

(d) Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction[.]

N.C. Gen. Stat. § 1-75.4(5) (2005).

Defendant personally coordinated the delivery of the boat to plaintiff, located in North Carolina, through an independent third party. Moreover, the $9,812 wire transfer sent from plaintiff in North Carolina to defendant, in Georgia, for payment of the boat constitutes a "thing[] of value" shipped from this State by plaintiff to defendant on defendant's order or direction pursuant to N.C. Gen. Stat. § 1-75.4(5)(d). *See Tejal Vyas*, 166 N.C. App. at 38, 600 S.E.2d at 885. Therefore, the defendant is subject to jurisdiction under North Carolina's long-arm statute.

## B. Due Process

"Since at least one requirement under North Carolina's long-arm statute allows plaintiffs to assert jurisdiction over defendants, the inquiry becomes whether plaintiffs' assertion of jurisdiction over defendants complies with due process." *Id.* "In determining whether the exercise of personal jurisdiction comports with due process, the crucial inquiry is whether the defendant has 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (internal quotation marks omitted) (citation omitted)). In order to have minimum contacts:

> the defendant must have purposefully availed itself of the privilege of conducting activities within the forum state and invoked the benefits and protections of the laws of North Carolina. The relationship between the defendant and the forum state must be such that the defendant should reasonably anticipate being haled into a North Carolina court.

*Id.*, 166 N.C. App. at 38-39, 600 S.E.2d at 885-86 (citations omitted) (quotation marks omitted).

This Court in *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 284, 350 S.E.2d 111, 114 (1986), discussed five factors to be considered to determine whether the defendant has had sufficient minimum contacts with the forum state. The factors are: "(1) quantity of the contacts between the defendant and the forum state, (2) quality and nature of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience of the parties." *Id.*

> Although a contractual relationship between a North Carolina resident and an out-of-state party alone does not automatically establish the necessary minimum contacts with this State, nevertheless, a single contract may be a sufficient basis for the exercise of *in personam* jurisdiction if it has a substantial connection with this State.

*Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 367, 348 S.E.2d 782, 786 (1986) (emphasis in original).

We now apply the five factors to the instant case and determine whether defendant has sufficient minimum contacts with North

Carolina such that this State's exercise of jurisdiction over defendant complies with due process. Plaintiff initiated contact with defendant about purchasing a boat. Defendant told plaintiff that currently defendant did not have a boat meeting plaintiff's specifications. However, a few months after that initial conversation, defendant specifically called plaintiff in North Carolina to inform plaintiff a boat was available that plaintiff might wish to purchase. Defendant accepted plaintiff's wire transfer of funds in the amount of $9,812 that plaintiff wired to defendant from a North Carolina bank. Furthermore, when defendant telephoned plaintiff, defendant told plaintiff he could look at the boat on defendant's website. Defendant also made shipping arrangements with a third party to ship the boat to North Carolina.

Plaintiff is an individual consumer who sought to purchase the boat for his own use as a primary residence on the water. Defendant's employees did not return plaintiff's phone calls after plaintiff's boat sank. As a result of plaintiff's unreturned phone calls, plaintiff brought suit against defendant for breach of warranty, fraud, and unfair and deceptive trade practices. "It is generally conceded that a state has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Id.*, 318 N.C. at 367, 348 S.E.2d at 787 (citation omitted) (quotation marks omitted). Thus, North Carolina has a "manifest interest" in providing the plaintiff "a convenient forum for redressing injuries inflicted by" defendant, an out-of-state merchant. As to the fifth factor, the convenience of the parties, we note that Georgia is located in the same region as North Carolina; therefore, defendant would not have suffered a great burden in traveling from Georgia to North Carolina to appear in the lawsuit. Moreover, there is no evidence in the record to suggest that it is more convenient for the parties to try this matter in Georgia than in North Carolina. *See Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 635, 394 S.E.2d 651, 657 (1990) ("Litigation on interstate business transactions inevitably involves inconvenience to one of the parties. When [t]he inconvenience to defendant of litigating in North Carolina is no greater than would be the inconvenience of plaintiff of litigating in [defendant's state] . . . no convenience factors . . . are determinative[.]" (citations and quotation marks omitted); *Hankins v. Somers*, 39 N.C. App. 617, 251 S.E.2d 640 (1979) (holding defendants, Georgia residents, satisfied all the requirements of due process and were subject to personal jurisdiction in North Carolina).

**BAKER v. LANIER MARINE LIQUIDATORS, INC.**

[187 N.C. App. 711 (2007)]

Defendant contests personal jurisdiction in North Carolina because there is no evidence its business activities are conducted in North Carolina. However, our Supreme Court has held, "[l]ack of action by defendant *in* a jurisdiction is not now fatal to the exercise of long-arm jurisdiction." *Tom Togs, Inc.*, 318 N.C. at 368, 348 S.E.2d at 787 (citations omitted).

Therefore, after examining the relationship among the parties, the nature of their communications, the interest of the forum state, the convenience of the parties, and the cause of action, we conclude defendant has "purposely availed" itself to do business in North Carolina and "should reasonably anticipate being haled into a North Carolina court." Thus, we find sufficient minimum contacts to justify the exercise of personal jurisdiction over defendant without violating the due process clause.

**[2]** Defendant next argues that the trial court erred in denying its 12(b)(6) motion because Georgia law and not North Carolina law should apply to this case. We disagree.

"As a general rule, a party may properly appeal only from a final order, which disposes of all the issues as to all parties, or an interlocutory order affecting a substantial right of the appellant." *Buffington v. Buffington*, 69 N.C. App. 483, 485, 317 S.E.2d 97, 98 (1984) (citation omitted). "Denial of a motion to dismiss is interlocutory because it simply allows an action to proceed and will not seriously impair any right of defendants that cannot be corrected upon appeal from final judgment." *Howard v. Ocean Trail Convalescent Center*, 68 N.C. App. 494, 495, 315 S.E.2d 97, 99 (1984). "Denial of a motion to dismiss for failure to state a claim upon which relief can be granted is not a final determination within the meaning of G.S. 1-277(a), does not affect a substantial right, and is not appealable." *Hankins v. Somers*, 39 N.C. App. at 618, 251 S.E.2d at 641 (citation omitted).

In the case *sub judice*, because defendant assigns as error the court's denial of its motion to dismiss pursuant to Rule 12(b)(6), this assignment of error is premature, and therefore not appealable. Since defendant has not argued its remaining assignments of error, they are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2005).

Affirmed in part; dismissed in part.

Judge STEPHENS concurs.

Judge STEELMAN concurs with a separate opinion.

STEELMAN, Judge concurring in the result.

I fully concur in the result reached by the majority in this case, and particularly with the holding that under N.C.R. Civ. P. 52(a)(2) the court was not required to make findings of fact in the absence of a request by the parties. In such a case, "it will be presumed that the judge, upon proper evidence, found facts sufficient to support the judgment." *J.M. Thompson Co. v. Doral Mfg. Co.*, 72 N.C. App. 419, 424, 324 S.E.2d 909, 912 (1985) (citation omitted). Our analysis is limited to whether the presumed findings of fact are supported by competent evidence, and if so, they are conclusive on appeal despite evidence to the contrary. *Id.* at 424, 324 S.E.2d at 913; *see also* 2 G. Gray Wilson, *North Carolina Civil Procedure* § 52-4, at 200-201 (2d ed. 1995). In the instant case, there is evidence in the record to support the presumed findings of fact by the court, and its denial of defendant's motion to dismiss for lack of personal jurisdiction should be affirmed.