CIBA-GEIGY CORPORATION v. WAYNE BARNETT

No. 8418SC389

(Filed 17 September 1985)

1. Courts § 2.1— jurisdiction—refund credit and replacement goods by domestic corporation to out-of-state agent

The trial court had jurisdiction of an action by a domestic corporation against an out-of-state salesman to recover credits or replacement products resulting from falsified customer complaints and refund requests where the refund credits and replacement goods shipped by plaintiff were "things of value" as contemplated by G.S. 1-75.4(5)d and were shipped on defendant's order or direction.

2. Process § 14.3— minimum contacts—evidence sufficient

North Carolina could properly assert personal jurisdiction over an out-of-state defendant in an action by a domestic corporation to recover refund credits and replacement goods shipped by the corporation to an out-of-state salesman based on falsified customer complaints and refund requests where defendant had a lengthy business relationship with a North Carolina concern, his contacts with this state were not merely fortuitous, the alleged tort which is the subject of the action arose directly out of defendant's purposeful activity in sending claims to plaintiff in North Carolina, and North Carolina has a strong interest in protecting persons doing business here against employee fraud. Simply because defendant was able to cause the injury without physically coming to this state does not defeat jurisdiction. G.S. 14-90 *et seq.*

APPEAL by defendant from *Albright, Judge.* Order entered 28 November 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 August 1985.

This is a civil action in which plaintiff agricultural chemical company seeks damages allegedly incurred as a result of tortious conduct by defendant salesman, its employee. From an order denying his motion to dismiss for lack of personal jurisdiction, defendant appeals.

Plaintiff company, with its home office in Greensboro, sued defendant employee, who lived in Indiana and worked in sales territories in Indiana and Ohio. Defendant was employed by plaintiff from 1970 to 1982. Defendant's original contract of employment was entered into at plaintiff's home office in New York, but in 1972 plaintiff's home office relocated to Greensboro. Since 1972 defendant routinely submitted his purchase orders, reimbursement claims, and correspondence to the Greensboro office; his

personnel file was maintained in Greensboro; and personnel evaluations and decisions regarding his salary were made there. Defendant came to North Carolina only once, to attend a week-long sales meeting at plaintiff's headquarters.

This litigation arose out of defendant's alleged tortious conduct between 1980 and 1982 in submitting falsified customer complaints and refund requests, then converting the credits or replacement products to his own use. Plaintiff claimed that defendant's fraudulent actions caused it at least $25,000 damage. Defendant was duly served with process. Defendant moved to dismiss, claiming he had no contacts with North Carolina and had done no business here.

From the trial court's order denying his motion, defendant appeals.

*Graham, Cooke, Miles & Bogan, by James W. Miles, Jr., for defendant-appellant.*

*Smith Moore Smith Schell & Hunter, by Maureen J. Demarest, for plaintiff-appellee.*

EAGLES, Judge.

This appeal is properly before us. G.S. 1-277(b). Its resolution involves two questions: (1) Did defendant's conduct bring him within the North Carolina "long-arm" jurisdictional statutes? and (2) If so, does the exercise of that jurisdiction satisfy constitutional standards of due process? *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). For reasons discussed below, we answer both questions in the affirmative.

I

[1] Our jurisdictional statutes are to be construed liberally in favor of finding personal jurisdiction. *Marion v. Long*, 72 N.C. App. 585, 325 S.E. 2d 300, *appeal dismissed and disc. rev. denied*, 313 N.C. 604, 330 S.E. 2d 612 (1985). G.S. 1-75.4(5) is relevant here:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:
>
> * * *

> (5) Local Services, Goods or Contracts.—
>
> In any action which:
>
> \* \* \*
>
> > d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction;
> >
> > . . . .

From the record we conclude that the refund credits and replacement goods (The record is silent as to whether the goods were actually shipped from North Carolina; but they were shipped under orders from plaintiff's home office in Greensboro.) shipped by plaintiff were "things of value" (or "goods") as contemplated by G.S. 1-75.4(5)d and that they were shipped "on [defendant's] order or direction." Accordingly we conclude that the court had jurisdiction under G.S. 1-75.4(5).

## II

[2] The second question involves a determination of whether defendant, by his conduct, has established sufficient "minimum contacts" with this state such that requiring him to defend here will not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945). The minimum contacts test is not mechanical, *id.*, but requires consideration of the facts of each case. Decisions of the United States Supreme Court control, *see Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E. 2d 676 (1974), as well as North Carolina precedents.

Minimum contacts do not arise *ipso facto* from actions of a defendant having an effect in the forum state. *Kulko v. Superior Court*, 436 U.S. 84, 56 L.Ed. 2d 132, 98 S.Ct. 1690, *reh'g denied*, 438 U.S. 908, 57 L.Ed. 2d 1150, 98 S.Ct. 3127 (1978). There must be some act or acts by which the defendant purposely availed himself of the privilege of doing business there, *Hanson v. Denckla*, 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228, *reh'g denied*, 358 U.S. 858, 3 L.Ed. 2d 92, 79 S.Ct. 10 (1958), such that he or she should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L.Ed. 2d 490, 100 S.Ct. 559 (1980). In light of modern business practices, the quanti-

ty, or even the absence, of actual physical contacts with the forum state merely constitutes a factor to be considered and is not of controlling weight. *Burger King Corp. v. Rudzewicz*, --- U.S. ---, 85 L.Ed. 2d 528, 105 S.Ct. 2174 (1985). In *Burger King*, the court rejected an individual Michigan franchisee's argument that he had never visited Florida, the franchisor's home state and the forum state, but had dealt exclusively with a Michigan district office. The court found that defendant had knowingly affiliated himself with a national organization, agreeing to close supervision from Florida over a substantial period of time in exchange for the business benefits of joining a restaurant chain, and therefore constitutionally could be sued in Florida.

Similarly, in *Calder v. Jones*, 465 U.S. 783, 79 L.Ed. 2d 804, 104 S.Ct. 1482 (1984), the court found that a Florida reporter and editor could be sued for libel in California, despite limited physical contacts with the state. The court, relying heavily on the fact that the magazine had its largest circulation in plaintiff's home state of California, concluded that defendants' intentional and allegedly tortious actions were expressly aimed at that state, and upheld California's assertion of jurisdiction. "An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." *Id.* at 790, 79 L.Ed. 2d at 812-13, 104 S.Ct. at 1487.

In light of the powerful public interest of a forum state in protecting its citizens against out-of-state tortfeasors, the court has more readily found assertions of jurisdiction constitutional in tort cases. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 79 L.Ed. 2d 790, 104 S.Ct. 1473 (1984); *Calder v. Jones, supra.* In two other recent tort cases the court denied review on facts similar to those here. In *Heilig v. Superior Court*, 149 Cal. App. 3d 978, 197 Cal. Rptr. 371 (1983), *appeal dismissed and cert. denied sub nom. Heilig v. Miller*, 466 U.S. 966, 80 L.Ed. 2d 811, 104 S.Ct. 2336 (1984), California asserted jurisdiction over non-residents who had signed an allegedly libelous letter outside California for distribution in the state. The key to the California court's reasoning was defendants' knowledge that their tortious acts would have direct effect in California. In *Wagman v. Lee*, 457 A. 2d 401 (D.C. Ct. App.), *cert. denied*, 464 U.S. 849, 78 L.Ed. 2d 145, 104 S.Ct. 158 (1983), the court allowed an action for breach of fiduciary duty to

Ciba-Geigy Corp. v. Barnett

be prosecuted in the District of Columbia, where the affected plaintiffs lived, even though all the tortious acts occurred in Maryland, defendant's home.

This court has repeatedly considered certain primary and secondary factors in deciding minimum contacts questions. *See e.g. Sola Basic Industries, Inc. v. Parke County Rural Elec. Membership Corp.*, 70 N.C. App. 737, 321 S.E. 2d 28 (1984); *Harrelson Rubber Co. v. Layne*, 69 N.C. App. 577, 317 S.E. 2d 737 (1984). Without going through each factor exhaustively, we note that defendant had a lengthy business relationship with a North Carolina concern; that his contacts with this state are not merely fortuitous; that the alleged tort which is the subject of this action arose directly out of defendant's purposeful activity in sending claims to plaintiff in North Carolina; that North Carolina has a strong interest in protecting persons doing business here against employee fraud, *see* G.S. 14-90 *et seq.*; and, that the convenience factors appear to be roughly balanced.

Based on the foregoing authorities and discussion, we conclude that North Carolina could and did properly assert personal jurisdiction over defendant. Defendant knowingly submitted allegedly fraudulent documents over a period of two years, causing substantial damage to a corporation doing business here. It was clear that the alleged tort would have its damaging effect in North Carolina. Simply because defendant was able to cause the injury without physically coming to this state does not defeat jurisdiction. *Calder v. Jones, supra.*

Recent federal decisions support our result. In *Vishay Intertechnology, Inc. v. Delta International Corp.*, 696 F. 2d 1062 (4th Cir. 1982) (applying North Carolina law), plaintiff alleged that defendant, a California corporation with no other contacts in North Carolina, tortiously interfered with plaintiff's contracts by means of three letters and five phone calls to this state. The court held that defendant, by intentionally making the tortious contacts in North Carolina, which became essential elements of plaintiff's action, subjected itself to jurisdiction in North Carolina. The court rejected defendant's argument that its contacts simply did not suffice on a quantitative basis. In so doing, the *Vishay* court relied heavily on *Murphy v. Erwin-Wasey, Inc.*, 460 F. 2d 661 (1st Cir. 1972), where the court noted: "Where a defendant

knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that State." 460 F. 2d at 664 (footnote omitted). We find this logic compelling, especially in light of this defendant's long term, continuing business relationship with plaintiff in North Carolina.

The order appealed from is

Affirmed.

Judges JOHNSON and PARKER concur.