NEW BERN POOL & SUPPLY COMPANY v. ELI GRAUBART D/B/A AIR MACHINES, INC.

No. 883SC998

(Filed 18 July 1989)

1. **Process § 14.30— fraud in sale of aircraft—defendant's contacts with North Carolina—sufficiency to allow exercise of personal jurisdiction**

     In an action to recover for fraud in the sale of an aircraft, defendant had sufficient minimum contacts with the State of North Carolina so as to allow the trial court to exert personal jurisdiction over him and the maintenance of this action in North Carolina did not offend traditional notions of fair play and substantial justice where the trial court found that plaintiff had shown that defendant had advertised the sale of the airplane in a trade magazine which was mailed to the offices of plaintiff in Craven County, North Carolina; defendant initiated

and placed numerous telephone calls to plaintiff in Craven County, North Carolina; defendant mailed brochures, information, specifications, and photographs of the aircraft to plaintiff at plaintiff's offices in Craven County, North Carolina, in an attempt to solicit plaintiff to purchase the aircraft; in response to the solicitations by defendant and at the request of defendant, plaintiff forwarded funds drawn on a North Carolina bank to defendant; at defendant's request, plaintiff shipped an aircraft owned by plaintiff to New York and took a check in the amount of $22,000 drawn on plaintiff's account with a North Carolina bank to defendant in New York; defendant made repeated promises to ship aircraft parts to Craven County and promised to pay for repairs to be made in North Carolina; repairs to the aircraft were performed in North Carolina; and witnesses as to those repairs and to the associated expenses were residents of North Carolina, as were FAA personnel who were anticipated to be witnesses in the case.

## 2. Fraud § 12 — fraud in sale of aircraft — sufficiency of evidence

The trial court did not err in denying defendant's motion for a directed verdict on plaintiff's claim of fraud in the sale of an aircraft where plaintiff's evidence tended to show that defendant represented that the airplane was in excellent condition; in reliance upon that representation, plaintiff bought the plane from defendant; plaintiff subsequently discovered that the plane was not in the condition it was represented to be; and plaintiff incurred expenses in repairing the plane.

Judge EAGLES dissenting.

APPEAL by defendant from Reid, David E., Jr., Judge. Judgment entered 25 March 1988 in CRAVEN County Superior Court. Heard in the Court of Appeals 12 April 1989.

Plaintiff is a North Carolina corporation with its principal place of business in Craven County, North Carolina. Defendant is an individual who is a resident of the State of New Jersey.

On 4 September 1985, plaintiff filed a complaint alleging fraud on the part of defendant Graubart, breach of implied and express warranties, and unfair and deceptive trade practices. Plaintiff sought to recover compensatory, punitive and statutory treble damages, and attorney's fees from defendant.

In November 1984, plaintiff's president, Jack C. Trabucco, received a trade magazine, "Trade-a-Plane," by mail delivered to him in Craven County, North Carolina. Trabucco read about a Beechcraft Baron (Baron) aircraft offered for sale by defendant in an advertisement placed in the magazine. Trabucco called the telephone number indicated in the trade magazine and received a call back from defendant Graubart the same day regarding the Baron aircraft. Subsequent to the original conversation between defendant and Trabucco, defendant forwarded a photograph of the airplane and the statistics on the airplane to Trabucco. On 11 December 1984, plaintiff, through Trabucco, forwarded to defendant Graubart a check in the amount of $5,000 to hold the aircraft off the market until Trabucco had an opportunity to travel to New York to examine and inspect the aircraft. Prior to flying to New York, Trabucco and defendant negotiated the general terms of the deal in the event Trabucco decided to purchase the aircraft. The terms were that Trabucco would pay to defendant $22,000 and trade his Piper aircraft.

On 14 December 1984 Trabucco flew with his son in the Piper Arrow owned by plaintiff company to Poughkeepsie, New York to inspect and examine the Baron and complete the terms of the deal. On 15 December 1984 the sale of the Baron was closed by Trabucco giving to defendant a check in the amount of $22,000 and the keys to the Piper Arrow owned by plaintiff, New Bern Pool and Supply Company.

Prior to closing the deal, Trabucco had an opportunity to observe the aircraft. Trabucco had further opportunity to examine the aircraft on 15 December and he taxied the aircraft across the airport and had the opportunity to check the operation of some of the instruments on the aircraft. At lunch on 15 December, Trabucco requested the log books on the aircraft. Trabucco repeated this request at dinner on 15 December and again on the morning of 16 December. The log books for the aircraft were given to Trabucco on 16 December just prior to his departure for North Carolina. Trabucco flew the aircraft back to North Carolina. During the flight home, Trabucco discovered that some of the navigation aids aboard the aircraft did not work properly. Trabucco later determined that the propellers on the aircraft did not have a current inspection, the original inspection having expired approximately four months prior to the sale of the aircraft.

NEW BERN POOL & SUPPLY CO. v. GRAUBART

[94 N.C. App. 619 (1989)]

Defendant was served with process on 26 November 1985. On 21 January 1986 plaintiff requested an entry of default which was made on that date. On 19 February 1986, defendant made a special appearance and filed a motion to dismiss for lack of personal and subject matter jurisdiction and requesting, in the alternative, that the court set aside the entry of default and allow defendant to contest jurisdiction and to file an answer. Plaintiff filed a written response to defendant's motions and on 29 April 1986 the court entered an order granting defendant Graubart's motion to set aside the default entry and allowing defendant Graubart to file responsive pleadings. The court found that a basis for personal and subject matter jurisdiction existed and denied defendant's motion to dismiss for lack of jurisdiction. Defendant filed an answer on 23 May 1986 raising as defenses the lack of personal and subject matter jurisdiction, failure of plaintiff to state a claim upon which relief could be granted, and generally denying the allegations of plaintiff's complaint.

On 7 January 1987 defendant filed a motion for summary judgment on the issue of personal and subject matter jurisdiction. On 13 February 1987 the matter was heard and defendant's motion was denied by the trial court on the grounds that the earlier order finding personal and subject matter jurisdiction prohibited a ruling on those issues.

The case was called for trial in Craven County Superior Court on 24 March 1988. Prior to the beginning of trial, defendant moved for a continuance based upon the medical condition of defendant Graubart. The court denied the motion and the trial proceeded. Defendant did not appear at trial. Prior to trial defendant also made a motion to dismiss the action based on the lack of subject matter and personal jurisdiction. The court declined to rule on this motion as the matter had already been ruled upon by another judge.

At the conclusion of plaintiff's evidence, defendant moved for a directed verdict. Defendant's motion was granted with respect to the unfair and deceptive trade practice claim but denied with respect to the claims of fraud and breach of warranty. Defendant presented no evidence but renewed his motion for a directed verdict, which was denied. Six issues concerning the theories of fraud, breach of warranty, and compensatory and punitive damages were submitted to the jury.

The jury returned a verdict in favor of plaintiff on the fraud issue and awarded plaintiff $16,000 in compensatory damages and $53,000 in punitive damages. The jury did not respond to the breach of warranty issues or to the corresponding damages issue. Judgment for plaintiff was entered on the verdict. Defendant filed a motion for judgment notwithstanding the verdict and, in the alternative, to set aside the verdict and for a new trial. These motions were denied. Defendant appeals from the judgment entered in the case.

*Ward and Smith, P.A., by John A. J. Ward and Donalt J. Eglinton, for plaintiff-appellee.*

*Barker, Dunn & Mills, by Donald J. Dunn, for defendant-appellant.*

WELLS, Judge.

[1] Defendant assigns error to the trial court's failure to dismiss plaintiff's action on the grounds that the courts of North Carolina lacked personal and subject matter jurisdiction. Defendant contends that defendant Eli Graubart is a citizen and resident of the State of New Jersey who has no business in this State and has conducted no business transactions in North Carolina. Defendant further contends that he owns no property in North Carolina and that he never has owned property in this state. Defendant also contends that the transaction at issue in the present case was transacted by telephone between defendant and plaintiff's president, Jack Trabucco. Trabucco flew to the State of New York to inspect and examine the Baron aircraft and the sale of the aircraft was consummated in New York. Defendant contends that these facts indicate that North Carolina courts do not have personal jurisdiction over him and that plaintiff's action should have been dismissed. Defendant further contends that the transaction at issue took place entirely in New York and therefore North Carolina courts lack subject matter jurisdiction.

In regard to *in personam* jurisdiction we have stated:

To determine if foreign defendants may be subjected to *in personam* jurisdiction in this state, we apply a two-pronged test. First, we determine whether North Carolina jurisdictional statutes allow our courts to entertain the action. Second, we

determine whether our courts can constitutionally exercise such jurisdiction consistent with due process of law.

*Marion v. Long*, 72 N.C. App. 585, 325 S.E. 2d 300, *appeal dismissed and disc. rev. denied*, 313 N.C. 604, 330 S.E. 2d 612 (1985). In his brief defendant has conceded that a statutory basis for jurisdiction exists. In order for North Carolina courts to have *in personam* jurisdiction over defendant, defendant must be shown to have sufficient "minimum contacts" under the test established in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As we stated in *Marion*:

> The existence of minimum contacts cannot be ascertained by mechanical rules, but rather by consideration of the facts of each case in light of traditional notions of fair play and justice. . . . The factors to be considered are (1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties.

*Marion, supra*, at 587, 325 S.E. 2d at 302. (Citations omitted.)

In *Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 334 S.E. 2d 91 (1985), we stated:

> Minimum contacts do not arise *ipso facto* from actions of a defendant having an effect in the forum state. . . . There must be some act or acts by which the defendant purposely availed himself of the privilege of doing business there, . . . such that he or she should reasonably anticipate being haled into court there. (Citations omitted.)

In the present case, defendant initially filed a motion to dismiss for lack of personal jurisdiction on 19 February 1986. On 11 April 1986, Jack Trabucco, President and Chief Executive Officer of plaintiff company filed an affidavit outlining defendant's contacts and activities with plaintiff, through Trabucco, in regard to the transaction at issue in the present case. This affidavit was filed in opposition to defendant's motion to dismiss. Defendant filed no affidavit in contravention of plaintiff's affidavit. On 27 April 1986, the trial court (Judge John B. Lewis, Jr.) entered an order denying defendant's motion to dismiss for lack of jurisdiction. The trial court in making this order found that plaintiff had shown that: defendant had advertised the sale of the airplane in a trade magazine which was mailed to the offices of plaintiff in Craven County, North

## NEW BERN POOL & SUPPLY CO. v. GRAUBART

Carolina; defendant initiated and placed numerous telephone calls to plaintiff in Craven County, North Carolina; defendant mailed brochures, information, specifications, and photographs of the aircraft to plaintiff at plaintiff's offices in Craven County, North Carolina in an attempt to solicit plaintiff to purchase the aircraft; in response to the solicitations by defendant and at the request of defendant, plaintiff forwarded funds drawn on a North Carolina bank to defendant. The trial court further found that plaintiff, at defendant's request, had shipped a 1973 Piper Arrow aircraft, owned by plaintiff, to New York and took a check in the amount of $22,000 drawn on plaintiff's account with a North Carolina bank to defendant in New York.

The trial court also found that plaintiff further showed that defendant made repeated promises to ship aircraft parts to Craven County, and promised to pay for repairs to be made in North Carolina. The trial court also noted that repairs to the aircraft were performed in North Carolina, that witnesses, as to those repairs and to the associated expenses, were residents of North Carolina and that FAA personnel who were anticipated to be witnesses in the case were residents of North Carolina, the FAA inspection of the plane having been made in Craven County, North Carolina. Defendant did not except to these findings. The trial court concluded that "Defendant has sufficient minimum contacts with North Carolina and that maintenance of the suit . . . would not offend traditional notions of fair play and substantial justice." This order was excepted to by defendant. The ruling formed the basis for the denial of defendant's subsequent motions to dismiss at trial for lack of personal jurisdiction.

We now apply the above principles to the evidence of defendant's contacts in the present case as related by plaintiff's affidavit and found by the trial court. Defendant has made numerous telephone calls and mailings to plaintiff in North Carolina as well as the initial solicitation in the trade magazine. Plaintiff was further directed by defendant to forward funds drawn on a North Carolina bank to New York. The contacts were substantial in form and content with the intention of effecting a sale. Defendant's contacts with plaintiff in North Carolina gave rise to the transaction, the sale of the Baron aircraft. The interest of the State of North Carolina in providing consumer protection for its citizens and corporate entities and a forum for the adjudication of controversies involving them is substantial. In terms of convenience to the parties, it is

noted that repairs to the aircraft in question were performed in North Carolina. Persons who are witnesses to these repairs and the expenses incurred are residents of North Carolina and FAA personnel, who were potential witnesses as a result of having inspected the plane in North Carolina, were also residents of North Carolina.

Defendant's intentional acts in this case are such that defendant can be said to have purposely availed himself of the privilege of doing business in the State of North Carolina to the extent that defendant should have reasonably anticipated being haled into court in this State. We conclude that defendant had sufficient minimum contacts with the State of North Carolina so as to allow the trial court to exert personal jurisdiction over him and that the maintenance of this action in North Carolina does not offend traditional notions of fair play and substantial justice. We hold that the trial court had proper *in personam* jurisdiction over defendant in the present case. Defendant's assignments of error are overruled.

Defendant has cited no law to support his argument concerning the trial court's failure to dismiss for lack of subject matter jurisdiction upon motion by defendant. We have examined these assignments of error and found them to be without merit. Accordingly, the assignments of error are overruled.

[2] Defendant also assigns error to the trial court's failure to grant defendant's motion for directed verdict at the close of plaintiff's evidence on the grounds that plaintiff failed to prove by sufficient evidence that defendant fraudulently represented to plaintiff the condition of the Baron aircraft and that plaintiff reasonably relied on the statements of defendant. "The question of sufficiency of the evidence to send a case to the jury is a question of law." *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). "The question presented to the appellate court in reviewing the decision of the trial court 'is the identical question which was presented to the trial court by defendant's motion . . ., namely, whether the evidence, when considered in the light most favorable to plaintiff, was sufficient for submission to the jury.' " *Id.* at 644, 272 S.E. 2d at 360 (*quoting Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971) ). As we stated in *Hunt*:

> The trial court should deny motions for directed verdict and for judgment notwithstanding the verdict when, viewing the

NEW BERN POOL & SUPPLY CO. v. GRAUBART

[94 N.C. App. 619 (1989)]

evidence in the light most favorable to the plaintiff and giving the plaintiff the benefit of all reasonable inferences, it finds 'any evidence more than a scintilla' to support plaintiff's prima facie case in all its constituent elements.

*Hunt* at 644, 272 S.E. 2d at 360. (Citations omitted.) Concerning the establishment of a *prima facie* case of fraud our Supreme Court has stated:

'While fraud has no all-embracing definition and is better left undefined lest crafty men find a way of committing fraud which avoids the definition, the following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'

*Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E. 2d 385 (1988), *rehearing denied*, 324 N.C. 117, 377 S.E. 2d 235 (1989) (*quoting Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974)). (Emphasis omitted.)

In the present case plaintiff's evidence tended to show that defendant indicated to plaintiff that the Baron aircraft was "a Number 1 airplane; what we call a cream puff" and defendant indicated to plaintiff that based on a 1 to 10 scale, the plane was "a Number 10." Plaintiff's evidence further indicated that this representation had a certain meaning within the aviation industry, namely, that the aircraft in question was in "peak condition," that everything on the aircraft was in working order. Upon flying the plane back to North Carolina, plaintiff discovered that several items on the plane including navigational aids did not work properly and later discovered that the propellers were out of inspection and in a defective condition. Prior to taking off, plaintiff had requested on several occasions to have the airplane's log books delivered to him by defendant for examination. Defendant indicated that he had forgotten the log books but that he would deliver them to plaintiff. Defendant finally delivered the log books just prior to plaintiff's take-off for the flight to North Carolina. A log book was defined by plaintiff as "a personal history of an airplane kept in a book on paper," which contains information such as that pertaining to inspections. These log books, according to plaintiff, can only be properly interpreted and understood by a trained airplane

mechanic. Plaintiff received these log books after the sale was completed and too late to have them examined before taking off.

Viewing the evidence in a light most favorable to plaintiff and giving plaintiff the benefit of all reasonable inferences, we conclude that the evidence was sufficient to allow a jury to find that defendant made a representation as to a material fact, namely, the good condition of the airplane, and that this representation was false; and additionally, that defendant concealed material facts, as to the defective condition of the airplane. The reasonable inference could be drawn that these representations and concealments were reasonably calculated to deceive, were made with intent to deceive, and that plaintiff was in fact deceived. Plaintiff suffered injury when the plane was subsequently discovered not to be in the condition defendant represented it to be, and additionally in a condition concealed from plaintiff by defendant, causing plaintiff to incur expenses in repairing the plane. Plaintiff has presented sufficient evidence to establish all of the constituent elements for a *prima facie* case of fraud. Therefore, we hold that the trial court did not err in denying defendant's motion for a directed verdict. The assignments of error are overruled.

Defendant also assigns error to the trial court's denial of defendant's motion for a new trial. Defendant argues as grounds for its motion that the award of punitive damages was excessive and appeared to be given under the influence of passion or prejudice. Defendant's motion for a new trial was made pursuant to G.S. § 1A-1, Rule 59(a)(6) of the North Carolina Rules of Civil Procedure and was addressed to the trial court's discretion. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). The trial court's decision will not be disturbed on appeal in the absence of a showing of manifest abuse of that discretion. *Id.* Defendant has made no showing of such abuse of discretion by the trial court. Accordingly, the assignment of error is overruled.

Defendant assigns error to the trial court's failure to continue the trial in the present case. Defendant argues that the trial court abused its discretion in failing to grant this continuance because of defendant's health problems and resultant inability to travel from New Jersey to North Carolina. "The granting of a continuance is within the discretion of the trial court and absent a manifest abuse of discretion its ruling is not reviewable on appeal." *Lumbermens Mut. Cas. Co. v. Pennsylvania Nat. Mut. Cas. Ins.*

*Co.*, 70 N.C. App. 742, 321 S.E. 2d 10 (1984). The record in this case discloses no such abuse of discretion. This assignment of error is overruled.

Defendant's other assignments of error concern issues which were not answered by the jury. Therefore, we decline to reach these assignments of error.

No error.

Chief Judge HEDRICK concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I dissent because I believe there is insufficient basis to support a finding of *in personam* jurisdiction.

Minimum contacts necessary to satisfy due process requirements and acquire *in personam* jurisdiction are not ascertainable by application of mechanical rules but involve a weighing of the facts of each case. *Marion v. Long*, 72 N.C. App. 585, 587, 325 S.E. 2d 300, 302, *appeal dismissed and disc. rev. denied*, 313 N.C. 604, 330 S.E. 2d 612 (1985). In making the evaluation here the majority has erred in two respects. First, it has, in marshaling the facts to show minimum contacts, included contacts with North Carolina that are not related to the conduct giving rise to this action but relate primarily to plaintiff's remedy and to the proof of plaintiff's damages. Second, even if we consider all the facts including those relating to remedy and damages, I believe they are insufficient in the aggregate to satisfy due process.

From the record it is clear that the defendant solicited prospective purchasers by advertising in a national trade magazine which was directed into North Carolina, among other places. Defendant also responded from New York to plaintiff's telephone and mail inquiries made from North Carolina. Defendant was never in North Carolina but in New York accepted and negotiated a deposit or earnest money check drawn in North Carolina on a North Carolina bank delivered by United States mail from North Carolina. There are no other contacts with North Carolina in this case. In my judgment these contacts are not sufficient to pass constitutional muster.

All the critical representations, inspections of the aircraft, final negotiations of sale, final payment and delivery of the airplane took place outside of North Carolina. While defendant's alleged conduct was reprehensible and potentially dangerous to plaintiff and his young son, almost all of that alleged misconduct occurred elsewhere — outside of North Carolina.

Unless we are prepared to say that placing an advertisement in a national trade magazine which comes into North Carolina and responding to inquiries from North Carolina generated by the advertisement constitute sufficient minimum contacts to satisfy due process, the judgment should be reversed and the case remanded for entry of dismissal for lack of *in personam* jurisdiction. We have said that advertisement in a national magazine is not sufficient contact to comply with due process. *Hankins v. Somers*, 39 N.C. App. 617, 621, 251 S.E. 2d 640, 643, *disc. rev. denied*, 297 N.C. 300, 254 S.E. 2d 920 (1979). We have also said that advertisement plus a visit by the defendant to close the contract in North Carolina do not constitute sufficient contacts with the State to exercise personal jurisdiction over the defendant. *Marion, supra*, 72 N.C. App. at 589, 325 S.E. 2d at 303.

I would vote to reverse and remand for entry of an order dismissing the case.